**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 08-1681
_____

ALBINA CASTRO,

Petitioner

v.

Attorney General of the United States,

Respondent

_____

On Petition for Review of a Decision and Order of
the Board of Immigration Appeals
(BIA No. A73-166-744)

Argued January 14, 2010

Before: AMBRO, CHAGARES, and STAPLETON, <u>Circuit</u> <u>Judges</u>.

(Filed August 31, 2010 )

_____

Mario Apuzzo (argued)
Law Offices of Mario Apuzzo
185 Gatzmer Avenue
Jamesburg, NJ 08831
<u>Counsel for Petitioner</u>

Gregory G. Katsas
Assistant Attorney General
Civil Division

Terri J. Scadron
Assistant Director

Wendy Benner-León (argued)
Office of Immigration Litigation
United States Department of Justice
P.O. Box 878
Benjamin Franklin Station
Washington, DC 20044
Counsel for Respondent

_____

OPINION OF THE COURT

_____

CHAGARES, Circuit Judge.

Albina Castro petitions for review of a final order of removal issued by the Board of Immigration Appeals ("BIA"). As explained below, we lack jurisdiction over her claim that the Immigration Judge ("IJ") gave insufficient consideration to certain evidence, and hold that the IJ properly considered all hardship evidence presented cumulatively as required. In addition, we reject Castro's contention that the BIA's summary affirmance violated the Due Process Clause, and we find her contention that it violated BIA regulations moot. Accordingly, we will dismiss the petition for review in part, and deny it in part.

I.

Because we write solely for the benefit of the parties, we will only briefly

summarize the essential facts.

Castro, a citizen and native of Mexico, has resided in the United States continuously since 1990. Shortly after entering the United States, she married Alejandro Castro, with whom she had two children. They ended their relationship, although they have never formally divorced.

She later entered into a relationship with another man, Juan Carlos Morrelle, with whom she had a daughter. Her relationship with Morrelle ended shortly thereafter, although Morrelle has continued to provide financial support for the child.

Castro then entered a relationship with Jesus Patino, with whom she currently resides. They have two children together, and Patino provides financial support for both children, as well as Castro's three children from prior relationships. Castro and Patino own a home together, for which they split the down payment and mortgage payments. They currently have approximately $110,000 in home equity.

Upon entering the United States, Castro worked as a babysitter, but then sought work in a factory. She is now employed in that capacity with Loreal USA, and earns approximately $44,000 per year. Her employer also provides health care to her and her children.

On May 27, 2005, the Department of Homeland Security initiated removal proceedings against Castro. She was charged with removability as an alien who is present in the United States without being admitted or paroled in violation of 8 U.S.C. §

1182(a)(6)(A)(i).  Castro conceded that she is removable under the statute, but applied for cancellation of removal under 8 U.S.C. § 1229b(b)(1).

On July 24, 2006, after considering evidence presented by Castro, an IJ denied her application for cancellation of removal, finding that she had failed to establish that her removal would result in "exceptional and extremely unusual" hardship to her dependent relatives.  Castro appealed this decision to the BIA.  On February 5, 2008, the BIA adopted and affirmed the IJ's decision without a written opinion.  Castro then filed a timely petition for review in this Court.  After filing her petition for review, Castro filed a motion for reconsideration, which the BIA denied in a written opinion.

II.

Under 8 U.S.C. § 1252(a)(2)(B)(i), no court shall have jurisdiction to review decisions regarding the granting of relief pursuant to § 1229b.  However, § 1252(a)(2)(D) provides an exception:  courts may review BIA decisions insofar as they resolve constitutional claims or questions of law in such cases.  We have recognized this Court's authority to review such decisions, Papageorgiou v. Gonzales, 413 F.3d 356, 357-58 (3d Cir. 2005), but have held that "[t]he jurisdictional grant of § 1252(a)(2)(D) is narrowly circumscribed," Jarbough v. Attorney General, 483 F.3d 184, 188 (3d Cir. 2008).

Castro asserts that this Court has jurisdiction over what she claims is a question of law:  whether the IJ gave enough consideration to certain facts in determining that Castro's removal would not impose "exceptional and extremely unusual" hardship upon

4

Castro's dependents. "[C]ourts have recognized arguments such as that an Immigration Judge or the BIA incorrectly weighed evidence, failed to consider evidence or improperly weighed equitable factors are not questions of law under § 1252(a)(2)(D)." Id. at 189; see also Cospito v. Att'y Gen., 539 F.3d 166, 170 (3d Cir. 2008) (characterizing such claims as "'quarrels over the exercise of discretion and the correctness of the factual findings reached by the agency'" and holding "that these contentions do not raise constitutional claims or questions of law") (quoting Emokah v. Mukasey, 523 F.3d 110, 119 (2d Cir. 2008)).

Since "[t]he determination of whether the alien has established the requisite hardship is a quintessential discretionary judgment," Mendez-Moranchel v. Ashcroft, 338 F.3d 176, 179 (3d Cir. 2003), we lack jurisdiction to hear Castro's claim in so far as she claims that the IJ incorrectly weighed or considered the evidence presented.[1]

### III.

Castro contends that the BIA ignored its own precedential decisions which set forth the standard for "exceptional and extremely unusual" hardship. In support of this

---

[1] We also note that a petitioner may not circumvent this jurisdictional rule by rebranding a contention that the IJ or BIA erroneously weighed evidence as a legal argument. Here, Castro argues that the IJ's imposition of such a high burden to her claims of extreme hardship constituted a violation of her due process rights. We rejected a similar claim in Jarbough. 483 F.3d at 189 ("We are not bound by the label attached by a party to characterize a claim and will look beyond the label to analyze the substance of a claim."). To the extent Castro claims that her due process rights have been violated because the IJ and BIA failed to find that she established exceptionally and extreme hardship, we therefore lack jurisdiction over such a claim.

5

assertion, she cites to prior BIA decisions holding that all hardship factors should be considered in the aggregate. See, e.g., Matter of Recinas, 23 I. & N. Dec. 467, 472 (BIA 2002) ("Part of the analysis requires the assessment of hardship factors in their totality, often termed a 'cumulative' analysis."). Castro claims that the IJ failed to consider her hardship factors in the aggregate.

Castro is correct that we have jurisdiction to review a claim that the IJ or BIA applied the incorrect legal standard in evaluating a petition. See Aburto-Rocha v. Mukasey, 535 F.3d 500, 503 (6th Cir. 2008) ("The BIA's regulations themselves indicate that adherence to precedent is a non-discretionary act, as they require the agency to follow its own precedents except to the extent they are modified or overruled by the BIA or the Attorney General."). However, in this case, it is clear that the IJ applied the correct standard in evaluating the evidence presented by Castro. The IJ explicitly stated numerous times that the hardship factors were being evaluated cumulatively,[2] and there is no evidence in the record that the IJ failed to do so. We therefore hold that the IJ applied the correct standard, and Castro's petition for relief on these grounds will be denied.

---

[2] See IJ's Oral Decision at 5 ("It is the totality of the circumstances that must [be] weighed in the final analysis."); id. at 6 ("All of these factors [may be] collectively combined to find [that] the requisite hardship ha[s] been established."); id. at 7 ("[A]ll the factors, though not extreme in themselves, must be considered in the aggregate in determining whether the necessary hardship exists."); id. at 14 ("[W]hen balancing the totality of the circumstances, unfortunately this hardworking mother of five, can not [establish] that she . . . [has] demonstrate[d] exceptional and extremely unusual hardship.").

6

IV.

Castro also claims that the BIA violated its own procedures by "streamlining" her case when her appeal was decided in the form of a summary affirmance of the IJ's decision instead of the issuance of a written decision. She claims that in doing so, her due process rights were violated. This Court has jurisdiction over challenges to the constitutionality of BIA decisions under 8 U.S.C. § 1252(a)(2)(D). Papageorgiou, 413 F.3d at 358. "We have plenary review over constitutional challenges to immigration procedures." Dia v. Ashcroft, 353 F.3d 228, 238 (3d Cir. 2003).

This Court has on numerous occasions entertained and rejected such claims, holding that the streamlining of the immigration appeals process does not violate the alien's due process rights. See Papageorgiou, 413 F.3d at 359 ("[D]ue process challenges to such summary BIA affirmances are without merit."); see also Dia, 353 F.3d at 245. We will therefore hold that the BIA's summary affirmance of the IJ's opinion did not deprive Castro of due process and deny her petition for review on these grounds.

In addition to her due process claim, Castro also claims that the BIA violated its own regulations by streamlining her case. As an initial matter, we note that there is some authority for the proposition that the BIA's decision to interpret its own regulations to allow streamlining of cases is discretionary, and we lack jurisdiction to hear such a case. See Martinez-Maldonado v. Gonzales, 437 F.3d 679, 683-84 (7th Cir. 2006); Falcon Carriche v. Ashcroft, 350 F.3d 845, 854 (9th Cir. 2003). But see Tsegay v. Ashcroft, 386

7

F.3d 1347, 1354-55 (10th Cir. 2004) (disagreeing with the Ninth Circuit's reasoning in

Falcon Carriche).

However, in the case currently before us, we need not decide the issue of

jurisdiction, because Castro's claim is moot. Castro's challenge is to the BIA's

affirmance of the IJ's decision without an opinion,[3] but since she filed her petition for

review, the BIA issued a written opinion in her case in response to her motion for

reconsideration. Since it was the lack of a written opinion by the BIA which formed the

basis of Castro's claim that the BIA failed to follow its own procedures by streamlining

her appeal of the IJ's decision, and a written opinion has since been issued, we will deny

Castro's claim on these grounds as moot.

V.

For these reasons, the petition for review is dismissed in part and denied in part.

---

[3] We specifically note that Castro's challenge in her petition for review is to the
BIA's affirmance without an opinion, and not the affirmance by a single member. While
Castro has since raised the issue of whether the BIA's decision to have a single member,
as opposed to a three-member panel, review the IJ's decision was in violation of its own
regulations, she first did so in her motion for reconsideration, and has filed no petition for
review of the BIA's denial of that motion with this Court. Since that issue is not properly
before us in this appeal, we do not address it in this Opinion.